IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

JESENIA CAEZ,

Defendant

CRIMINAL 06-0389 (GAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY) AND WAIVER
## OF INDICTMENT AND AGREEMENT TO PROCEED BY INFORMATION

I.  Personal Background

An information was filed in open court December 7, 2006. Defendant agrees to plead guilty to the only count of the information. Count one charges that the defendant did knowingly and with intent to defraud possessed 15 or more unauthorized access devices, that is, approximately 39 credit card account numbers issued by the following banks and financial institutions, to wit: Chase, Macy's, GE Card Services, Banco Santander, Citigroup and MBNA, thereby affecting interstate commerce. All in violation of 18 U.S.C. § 1029(a)(3).

II. Consent to Proceed Before a Magistrate Judge

On December 7, 2006, while assisted by Ramón González, Esq., the defendant, by consent, appeared before me in order to waive her right to prosecution by indictment and to plead guilty to a two count information. The defendant agreed to proceed by way of information and waived her right to be charged with an indictment. The defendant informed that she understood the charges which she faced and was informed of her constitutional right to be charged in an indictment, a right which she could waive if she consents to being charged by information of the

CRIMINAL 06-0389 (GAG)                    2

United States Attorney. She noted that she had discussed this with her attorney and acknowledged that no threats or promises had been made to her to waive indictment and proceed by way of information. In open court the defendant was questioned as to the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to accept responsibility or plead guilty. The defendant was advised of her right to have all proceedings, including the change of plea hearing, before a United States district judge. She was given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that her answers would be truthful; and (c) her right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

   A. Compliance With Requirements Rule 11(c)(1)

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

CRIMINAL 06-0389 (GAG)                      3

In response to further questioning, defendant noted that she understood that if convicted, she was exposed to a term of imprisonment which shall not be more than 10 years, a fine not to exceed $250,000, and a term of supervised release of not more than three years in addition to any term of incarceration.

At the time of signing of this plea agreement, the defendant will pay a special assessment of $100, per count, to be deposited in the Crime Victim Fund, as required by 18 U.S.C. § 3013(a).

Defendant was explained what the supervised release term means.  She was advised that in passing sentence the court had to consider the criteria fixed by the sentencing guidelines; the factors to be considered under such guidelines; the fact that the court could abide by the recommended sentencing range or depart from that range, and that, in doing so, the court could and would consider all relevant facts. It was emphasized that cooperation with the United States Probation Officer would assist the court in reaching a fair sentence.  The defendant understands and acknowledges that parole has been abolished.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone.  Defendant responded to questions in that no promises, threats, force or predictions as to what sentence will be imposed have been made to her.

B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of her rights, defendant was advised of her right:

1.  To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving her guilt beyond a reasonable doubt.

CRIMINAL 06-0389 (GAG)                    4

    2.   To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to her decision not to testify.

    3.   To a trial before a district judge and a jury, at which she would be entitled to see and cross examine the government witnesses, present evidence on her behalf, and challenge the government's evidence.

    4.   To have a verdict rendered by a jury which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

    5.   To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses to questioning, observing her demeanor and her speaking with her attorney, it is determined that defendant knows her constitutional rights.

    C.  Consequences of Pleading Guilty

Upon advising defendant of her constitutional rights, she was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having her guilty plea accepted by the court, she will be giving up the above rights and would be convicted solely on her statement that she is guilty.

Furthermore, defendant was admonished of the fact that by pleading guilty she would not be allowed later on to withdraw her plea because she eventually might disagree with the sentence imposed, and that if under any kind of supervision (probation or supervised release) that privilege could be revoked and she could be required to serve an additional term of imprisonment.

    D.  Plea Agreement

The parties have not entered into a written plea agreement. This is a straight plea.

CRIMINAL 06-0389 (GAG)                5

E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant concurred. The government's proffer complied with and tracked in part the statutory language of the information.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offenses charged.

F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce her to plead guilty and that she did not feel pressured to plead guilty. She listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to the only count of the information.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Jesenia Caez is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carries, understands that the charges are supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea.

Therefore, I recommend that the court accept the guilty plea of Jesenia Caez and that the defendant be adjudged guilty as to the only count of the information.

CRIMINAL 06-0389 (GAG)                6

      This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

      At San Juan, Puerto Rico, this 21st day of March, 2007.

                                     S/ JUSTO ARENAS
                        Chief United States Magistrate Judge